NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 8 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMRITPAL SINGH; AJAYPAL SINGH, <br><br> Petitioners, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 21-1047 <br><br> Agency Nos.  A208-179-685, <br>           A208-179-686 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 06, 2023[**]
San Francisco, California

Before: FRIEDLAND and R. NELSON, Circuit Judges, and CARDONE,[***]
District Judge.

Amritpal Singh and Ajaypal Singh, natives and citizens of India, petition

for review of a decision of the Board of Immigration Appeals ("BIA")

upholding the Immigration Judge's ("IJ") denial of their claims for asylum,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kathleen Cardone, United States District Judge for the Western District of Texas, sitting by designation.

withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

We review the agency's factual findings for substantial evidence. *See Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020); *see also Singh v. Holder*, 753 F.3d 826, 828 (9th Cir. 2014) (reviewing the agency's conclusion that there had been a fundamental change in circumstances for substantial evidence). Under that standard, the agency's findings of fact are conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020) (quoting 8 U.S.C. § 1252(b)(4)(B)). Where "the BIA agrees with the IJ's reasoning, we review both decisions." *Garcia-Martinez v. Sessions*, 886 F.3d 1291, 1293 (9th Cir. 2018).

1. The agency assumed that Petitioners established past persecution on account of a protected ground but denied their claims for asylum and withholding of removal on the ground that the government had demonstrated that there has been a fundamental change in circumstances in India such that Petitioners no longer have a well-founded fear of persecution on account of a protected ground. *See* 8 C.F.R. § 1208.13(b)(1)(i)(A), (ii).[1] Substantial

---

[1] The agency denied Petitioners' asylum and withholding claims on the alternate ground that Petitioners could avoid future persecution by relocating within India. We need not reach that argument because the agency's conclusion

evidence supports the agency's conclusion.

Petitioners argue that, from 2013 to 2015, they were persecuted by the government in the state of Punjab because of Amritpal's membership in the Shiromani Akali Dal Mann party ("Mann party") and his political views that Petitioners contend resulted in them being labelled "Khalistani terrorists." But the Punjabi government changed hands in 2017, and there is no evidence in the record that Petitioners will be targeted by the new ruling party, or that the new ruling party will be unable or unwilling to control violence against them. The IJ also expressly rejected Petitioners' argument that the old and new ruling parties collude, and the record does not compel the contrary conclusion. Finally, the agency found that there is not current or ongoing persecution of Mann party members and that evidence suggesting that high-profile Sikh militants may be targeted does not apply to Petitioners. Again, the record does not compel a contrary conclusion. *See Nasrallah*, 140 S. Ct. at 1692. We therefore deny the petition as to the asylum and withholding claims.

2. We also deny the petition as to Petitioners' application for relief under the CAT. To qualify for relief under the CAT, Petitioners must establish that it is more likely than not that they would be tortured if returned to India. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). "[T]orture is more severe than persecution and the standard of proof for [a] CAT claim is

---

that there has been a fundamental change in circumstances in India is dispositive.

higher than the standard of proof for an asylum claim." *Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005).  Because Petitioners have not demonstrated that they have a well-founded fear of future persecution, they have necessarily failed to meet the higher burden for relief under the CAT.  *See Rodriguez Tornes v. Garland*, 993 F.3d 743, 754 (9th Cir. 2021) ("[W]hen the agency grants CAT protection, it necessarily has decided that there is a well-founded fear of future persecution.").  We accordingly deny the petition as to the CAT claims.

The temporary stay of removal remains in place until the mandate issues. Petitioners' motion for a stay of removal (Dkt. No. 4) is otherwise denied.

**PETITION DENIED.**